IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JIGSAW PRODUCTIONS LLC**
26 Broadway, Suite 1301
New York, NY 10004

      Plaintiff,

  v.

**U.S. SECURITIES AND EXCHANGE COMMISSION**
Office of FOIA Services
100 F Street, NE
Washington, DC 20549-2465

      Defendant.

Civil Action No. _____

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Jigsaw Productions LLC ("Jigsaw" or "Plaintiff"), by and through its undersigned counsel, hereby alleges as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act"), brought by Jigsaw against the United States Securities and Exchange Commission ("SEC," "Commission," or "Defendant") for declaratory, injunctive, and other appropriate relief.

2. By this action, Jigsaw seeks to compel Defendant to comply with its obligations under FOIA to release records that Jigsaw requested. Jigsaw is statutorily entitled to disclosure of these records, which Defendant has withheld in violation of the Act.

## **PARTIES**

3. Plaintiff Jigsaw Productions LLC produces a wide variety of documentary films, television programs, and investigative podcasts. It is headquartered at 26 Broadway, Suite 1301,

1

New York, NY 10004.

4. Defendant United States Securities Exchange Commission is an agency of the federal government, within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f). Defendant has possession, custody, and/or control of the records Jigsaw requested. It is headquartered at 100 F Street, NE, Washington, D.C. 20549.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

7. On February 21, 2024, documentary filmmaker and Jigsaw co-producer Gabriela Alcalde ("Alcalde"), submitted a written FOIA request on behalf of herself and Jigsaw to the SEC via its online portal (the "Request").

8. The Request stated it was being made "[p]ursuant to the Federal Freedom of Information Act, 5 U.S.C. § 552," and was jointly submitted "on behalf of Jigsaw Productions" and Alcalde.

9. The Request sought access to and copies of SEC investigative file SF-04082-A, as it pertains to a specific identified corporation, since January 1, 2017.

10. The Request also stated that the records it sought included, but were not limited to, specific types and categories of documentary materials in the possession of the SEC, including video and audio recordings of two named individuals and the dates on which those recordings were made.

11. The Request did not seek records concerning Jigsaw or Alcalde.

12. The Request specified that responsive records should be provided "electronically, such as paper documents in PDF and audio/visual materials in .mov, .mp4, or other electronic formats."

13. The Request included a legible return address, email address, and telephone number.

14. In the Request, Jigsaw asserted its entitlement to a fee benefit as a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii). The Request included a request for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), and set forth facts and arguments in support thereof.

15. By letter dated February 21, 2024, the SEC acknowledged receipt of the Request. The SEC's letter assigned the Request tracking number 24-01571-FOIA.

16. By letter dated February 22, 2024, the SEC stated, *inter alia*, that it would "be unable to respond to [the Request] within the Freedom of Information Act's twenty day statutory time period, as there are unusual circumstances which impact on [sic] our ability to quickly process your request."

17. The SEC's February 22, 2024 letter categorized Jigsaw as a "Media use" requester for fee purposes. The letter further stated that the SEC "release(s) records electronically and do(es) not charge copy costs. Accordingly, your request for a fee waiver is moot as fees are unlikely accrue [sic]."

18. By letter dated April 11, 2024, the SEC denied the Request (the "SEC's Denial").

19. As to parts of the Request, the SEC's Denial stated that the agency could "neither confirm nor deny the existence of any records responsive to your request," and tethered that Glomar response to "FOIA Exemptions 6 and/or 7(C)[.]"

20. As to the remainder of the Request, the SEC's Denial stated that the agency was "withholding records that may be responsive to your request under 5 U.S.C. § 552(b)(7)(A)."

21. On June 6, 2024, Jigsaw submitted an administrative appeal (the "Appeal") of the SEC's Denial via the agency's online portal.

22. By letter dated June 10, 2024, the SEC acknowledged receipt of the Appeal and assigned it tracking number 24-00395-APPS.

23. By letter to Plaintiff's counsel dated July 10, 2024 (the "Remand Letter"), the SEC's Office of the General Counsel stated it was "remanding this matter to the FOIA Office for further processing."

24. The Remand Letter stated, *inter alia*, that the SEC (1) "incorrectly determined to neither confirm nor deny the existence of the requested deposition transcript"; (2) "[o]n remand, the FOIA Office will conduct a search for the requested transcript and any audio/video recording of it"; (3) "FOIA Exemption 7(A) no longer applies to the other requested investigative records from Matter SF-04082"; and (4) "[r]he FOIA Office will conduct a search for these records on remand."

25. By letter to Plaintiff's counsel dated July 16, 2024, the SEC's Office of FOIA Services acknowledged the Remand Letter and assigned the remanded Request tracking number 24-00058-REMD.

26. As of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel has received any further communication from the SEC regarding the Request.

27. As of the filing of this Complaint, it has been approximately 35 days since the Remand Letter was acknowledged as received by the SEC's Office of FOIA Services.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF FOIA
### FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES

28. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing paragraphs 1 through 27 as though fully set forth herein.

29. Defendant is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

30. The Request properly seeks records under FOIA that are within the possession, custody, and/or control of Defendant.

31. The Request complied with all applicable regulations regarding the submission of FOIA requests.

32. The Appeal complied with all applicable regulations regarding the submission of FOIA administrative appeals.

33. Defendant failed to make a determination on the Request following remand within the statutory deadlines required by FOIA. 5 U.S.C. §§ 552(a)(6)(A)(ii).

34. Defendant's failure to make a timely determination with respect to the Request violates its obligations under FOIA. 5 U.S.C. §§552(a)(6)(A)(ii).

35. Plaintiff has or is deemed to have exhausted its applicable administrative remedies with respect to the Request. 5 U.S.C. §§ 552(a)(6)(C)(i).

### COUNT II: VIOLATION OF FOIA
### FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

36. Plaintiff repeats, realleges, and incorporates the allegations set forth in the foregoing paragraphs 1 through 27 as though fully set forth herein.

37. Defendant is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

38. The Request properly seeks records under FOIA that are within the possession,

custody, and/or control of Defendant.

39. The Request complied with all applicable regulations regarding the submission of FOIA requests.

40. Defendant has not released any records or portions thereof in response to the Request.

41. Defendant has not identified how it reasonably foresees that disclosure of the records or portions thereof sought by the Request would harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A).

42. Records responsive to the Request are required to be released under FOIA.

43. Defendant has improperly withheld agency records responsive to the Request, in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

44. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request.  5 U.S.C. §§ 552(a)(6)(C)(i).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

(1) order Defendant to conduct a search reasonably calculated to identify all records responsive to the Request;

(2) enjoin Defendant from withholding all records or portions thereof responsive to the Request that are not specifically exempt from disclosure under FOIA;

(3) issue a declaration that Plaintiff is entitled to disclosure of the requested records;

(4) issue a declaration that Defendant's failure to provide a timely determination in response to the Request violates its obligations under FOIA;

(5) award Plaintiff reasonable attorney fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) grant such other relief as the Court may deem just and proper.

Dated: August 14, 2024

Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend, DC Bar No. 1026115
Adam A. Marshall, DC Bar No. 1029423
Gunita Singh, DC Bar No. 1601923
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9303
Facsimile: 202.795.9310
ktownsend@rcfp.org
amarshall@rcfp.org
gsingh@rcfp.org

*Counsel for Plaintiff*