UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIGSAW PRODUCTIONS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>  Defendant. | Case No. 24-cv-2358 (TSC) |

**SEC'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF
THE SEC'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7(h)(1), in support of its motion for summary judgment, the U.S. Securities and Exchange Commission ("SEC") respectfully submits this statement of material facts as to which the SEC contends there is no genuine issue:

1. On February 21, 2024, Plaintiff submitted a Freedom of Information Act ("FOIA") request to the SEC for records generated as part of the SEC's investigation into Tesla, Inc. ("Tesla"), as identified by File Number SF-04082-A. *See* Declaration of Mark Tallarico ("Tallarico Decl.") ¶ 5, Ex. A; ECF No. 1 (Compl., ¶¶ 7–10); ECF No. 10 (Second Joint Status Report) at 2.

2. Following administrative proceedings not relevant here, on or about October 12, 2024, Plaintiff agreed to narrow its request to three categories of records:

   - Transcripts and exhibits from investigative testimony given by Elon Musk, CEO of Tesla, and Samuel Teller, Tesla's then-chief of staff;
   - Video recordings of Musk's and Teller's investigative testimony; and

- Certain third-party communications and records that were previously processed and released by the SEC under the FOIA.

Tallarico Decl. ¶ 6.

3. On October 17, 2024, the SEC produced approximately 1,528 pages of responsive records that had been previously processed and released by the SEC under the FOIA, with exempt portions withheld. Tallarico Decl. ¶ 7; ECF No. 9 (First Joint Status Report) at 1. The SEC then focused on processing the transcripts, exhibits, and video recordings. Tallarico Decl. ¶ 7; ECF No. 10 at 2.

4. Musk's and Teller's testimonies were part of an investigation by the SEC's Division of Enforcement that resulted in the SEC bringing public enforcement actions against Tesla and Musk in the United States District Court for the Southern District of New York. Tallarico Decl. ¶ 8; *see* https://www.sec.gov/newsroom/press-releases/2018-226. Both cases resulted in publicly available settlement agreements, with neither defendant admitting liability. Tallarico Decl. ¶ 8; Consent of Defendant Tesla, Inc., ¶ 2, *U.S. Securities and Exchange Commission vs. Tesla, Inc.*, Case No. 1:18-cv-08947-UA (S.D.N.Y. 2018), ECF No. 3-1; Consent of Defendant Elon Musk, ¶ 2, *U.S. Securities and Exchange Commission vs. Musk*, Case No. 1:18-cv-8865-AJN-GWG (S.D.N.Y. 2018), ECF No. 6-1.

5. The Division of Enforcement's investigative work focuses on fraud or other wrongdoing involving potential violations of the federal securities laws. Tallarico Decl. ¶ 9.

6. On December 5, 2024, the SEC's Office of FOIA Services ("FOIA Office") provided Plaintiff a partial response regarding the remaining categories of its FOIA request. Tallarico Decl. ¶ 10. The FOIA Office stated that it had decided to withhold the video

2

recordings of Musk and Teller in their entirety under FOIA Exemptions 6 and 7(C), 5 U.S.C. § 552(b)(6) and (7)(C).  *Id.*

7. On March 18, 2025, the SEC issued a final response to the FOIA request and released to Plaintiff redacted versions of the Musk and Teller transcripts and exhibits.  Tallarico Decl. ¶ 10; ECF No. 17 (Seventh Joint Status Report).

8. The transcripts were transcribed by a Certified Shorthand Reporter, and both transcripts were certified by proofreaders who swore and affirmed that the transcripts were "original, complete, true and accurate" after comparing it with the respective video recordings.  Tallarico Decl. ¶ 11, Exs. A, B.

9. The parties agree that the issue to be resolved through summary judgment is the SEC's withholding of the video recordings that correspond to the released portions of Musk's and Teller's testimony transcripts.  Tallarico Decl. ¶ 12.  Plaintiff is not challenging the SEC's search for documents or any of the withholdings in the released transcripts and exhibits.  *Id.*

10. The video recordings of Musk's and Teller's testimonies contain images of their facial expressions and body language, as well as audio of their voices, none of which are present in the released transcripts of their testimony.  Tallarico Decl. ¶ 13.

11. In their December 4, 2024 response to the FOIA Office's request for substantiation regarding the transcripts, exhibits, and video recordings, counsel for Musk and Teller objected to the release of the video recordings, stating:

> There is also a separate and distinct privacy interest that should preclude the release of the video recordings. Mr. Musk, Mr. Teller, and other individuals present during testimony (including SEC staff, defense counsel, the Court reporter, and the videographer) have a privacy interest in their voices and images, which were recorded in the videos. Each of these individuals attended and participated in what he or she believed to be a confidential and private proceeding pursuant to a subpoena, with the expectation that the proceeding would be kept

private.

Tallarico Decl. ¶ 14.

12. Individuals have a privacy interest in their voices and images. Tallarico Decl. ¶ 16.

13. SEC staff determined that release of videotaped materials can be particularly invasive of personal privacy because advancements in video, artificial intelligence, and "deep fake" technologies amplify concerns about manipulation of video recordings. Tallarico Decl. ¶ 16.

14. Plaintiff's FOIA request did not specify a public interest that Plaintiff seeks to serve with disclosure of the requested records. Tallarico Decl. ¶ 17, Ex. A. In a Joint Status Report, Plaintiff stated, "There is an unquestionably strong public interest in access to records that will help the public understand the relationship between Musk and the SEC—an agency he may soon affect in his new role [with the Department of Government Efficiency]." Tallarico Decl. ¶ 17; ECF No. 10 at 4.

15. Disclosure of the video recordings would foreseeably harm interests protected by the FOIA Exemptions 6 and 7(C), because it would result in unwarranted harm to privacy interests that individuals maintain in preventing the dissemination of video recordings of their investigative testimony. Tallarico Decl. ¶ 18. If the recordings are released, it is easy to foresee that they could be altered and used in ways that interfere with privacy interests—such as using the recordings to create unflattering and offensive memes or altering the files and passing them off as authentic recordings—and then be widely distributed. *Id*. ¶ 19. That potential for manipulation is exacerbated by the fact that there is now widely available technology that can be used to create entirely different video "deepfakes" based on a recording. *Id*.

16.     Because it is not possible to provide portions of the video recordings that do not contain Musk's and Teller's voices and/or images, the video recordings do not contain segregable information.  Tallarico Decl. ¶ 20.

Dated:  May 9, 2025

Respectfully submitted,

/s/ *Kevin Solonsky*
Kevin Solonsky
Office of the General Counsel
U.S. Securities and Exchange Commission
D.C. Bar No. 437119
100 F Street, NE
Washington, D.C. 20549
Telephone: (202) 551-5014
Fax: (202) 772-9263
SolonskyKD@sec.gov

*Counsel for Defendant*
*U.S. Securities and Exchange Commission*