UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIGSAW PRODUCTIONS, INC.,

    Plaintiff,

v.

U.S. SECURITIES AND EXCHANGE
COMMISSION,

    Defendant.

Case No. 24-cv-2358 (TSC)

## DECLARATION OF MARK TALLARICO

I, Mark Tallarico, declare as follows:

1. I am an attorney in the Office of the General Counsel ("OGC") of the U.S. Securities and Exchange Commission ("SEC"). I have served in this capacity since November 2014. My duties include reviewing administrative appeals of decisions issued by the SEC's Office of FOIA Services ("FOIA Office") regarding Freedom of Information Act ("FOIA") requests and handling FOIA litigation against the SEC. I also serve as the FOIA Liaison for OGC and coordinate OGC's searches for documents that may be responsive to FOIA requests. I am familiar with the SEC's procedures for responding to and searching for documents responsive to FOIA requests. Based on my work experience at the SEC and my interactions with staff in the Division of Enforcement in processing Plaintiff's request, I am also familiar with the Division of Enforcement's investigative work.

2. I submit this declaration to describe the SEC's processing of the FOIA request at issue in the above-captioned action.

3. I make this declaration in my official capacity. The statements I make in this declaration are based on my review of the official files and records of the SEC maintained routinely in the ordinary course of business, my own personal knowledge, and information I acquired through the performance of my official duties or from other SEC staff.

4. I am familiar both with the records released to Plaintiff in connection with its FOIA request and with SEC staff's communications with Plaintiff concerning its FOIA request.

5. On February 21, 2024, Plaintiff submitted a FOIA request to the SEC for records generated as part of the SEC's investigation into Tesla, Inc. (Tesla), as identified by File Number SF-04082-A. Attached as **Exhibit A** is a true and correct copy of the FOIA request.

6. Following administrative proceedings not relevant here, on or about October 12, 2024, Plaintiff agreed to narrow its request to three categories of records:

- Transcripts and exhibits from investigative testimony given by Elon Musk, CEO of Tesla, and Samuel Teller, Tesla's then-chief of staff;
- Video recordings of Musk's and Teller's investigative testimony; and
- Certain third-party communications and records that were previously processed and released by the SEC under the FOIA.

7. On October 17, 2024, the SEC produced approximately 1,528 pages of responsive records that had been previously processed and released by the SEC under the FOIA, with exempt portions withheld. The SEC then focused on processing the transcripts, exhibits, and video recordings.

8. Musk's and Teller's testimonies were part of an investigation by the SEC's Division of Enforcement that resulted in the SEC bringing public enforcement actions against Tesla and Musk in the United States District Court for the Southern District of New York. Both cases resulted in publicly available settlement agreements, with neither defendant admitting liability. *See* Consent of Defendant Tesla, Inc., ¶ 2, *U.S. Securities and Exchange Commission*

2

*vs. Tesla, Inc.*, Case No. 1:18-cv-08947-UA (S.D.N.Y. 2018), ECF No. 3-1; Consent of Defendant Elon Musk, ¶ 2, *U.S. Securities and Exchange Commission vs. Musk*, Case No. 1:18-cv-8865-AJN-GWG (S.D.N.Y. 2018), ECF No. 6-1.

9. The Division of Enforcement's investigative work focuses on fraud or other wrongdoing involving potential violations of the federal securities laws.

10. On December 5, 2024, the SEC's Office of FOIA Services ("FOIA Office") provided Plaintiff a partial response regarding the remaining categories of its FOIA request. The FOIA Office stated that it had decided to withhold the video recordings of Musk and Teller in their entirety under FOIA Exemptions 6 and 7(C), 5 U.S.C. § 552(b)(6) and (7)(C). On March 18, 2025, the SEC issued a final response to the FOIA request and released to Plaintiff redacted versions of the Musk and Teller transcripts and exhibits. *See* ECF No. 17 (Seventh Joint Status Report).

11. The transcripts were transcribed by a Certified Shorthand Reporter, and both transcripts were certified by proofreaders who swore and affirmed that the transcripts were "original, complete, true and accurate" after comparing them with the respective video recordings. Attached as **Exhibit B** is a true and correct copy of the Proofreader's Certificate that was appended to the transcript of Musk's August 29, 2018, investigative testimony. Attached as **Exhibit C** is a true and correct copy of the Proofreader's Certificate that was appended to the transcript of Mr. Teller's August 28, 2018, investigative testimony.

12. The parties agree that the issue to be resolved through summary judgment is the SEC's withholding of the video recordings that correspond to the released portions of Musk's and Teller's testimony transcripts. The SEC's understanding is that Plaintiff is not challenging the SEC's search for documents or any of the withholdings in the released transcripts and

exhibits.

13.     The video recordings of Musk's and Teller's testimonies contain images of their facial expressions and body language, as well as audio of their voices, none of which are present in the released transcripts of their testimony.

14.     In their December 4, 2024 response to the FOIA Office's request for substantiation regarding the transcripts, exhibits, and video recordings, counsel for Musk and Teller objected to the release of the video recordings, stating:

> There is also a separate and distinct privacy interest that should preclude the release of the video recordings. Mr. Musk, Mr. Teller, and other individuals present during testimony (including SEC staff, defense counsel, the Court reporter, and the videographer) have a privacy interest in their voices and images, which were recorded in the videos. Each of these individuals attended and participated in what he or she believed to be a confidential and private proceeding pursuant to a subpoena, with the expectation that the proceeding would be kept private.[1]

15.     Based on consultations with the FOIA Office and others involved in the decision to withhold the video recordings, I am familiar with the basis for the FOIA Office's decision to withhold the video recordings under Exemptions 6 and 7(C).

16.     Finding a privacy interest in voices and images is based on cases recognizing a privacy interest in voices and images as well as on SEC staff's understanding that advancements in video, artificial intelligence, and "deep fake" technologies amplify concerns about manipulation of video recordings. *See, e.g., Deepfakes of Elon Musk are contributing to billions of dollars in fraud losses in the U.S.*, CBS News Texas (November 24, 2024) (available at https://www.cbsnews.com/texas/news/deepfakes-ai-fraud-elon-musk/); *How 'Deepfake Elon Musk' Became the Internet's Biggest Scammer*, The New York Times (August 14, 2024)

---

[1] Because counsel for Tesla requested confidential treatment for the substantiation, a copy of the letter is not attached hereto.

(available at https://www.nytimes.com/interactive/2024/08/14/technology/elon-musk-ai-deepfake-scam.html).

17. Plaintiff's FOIA request did not specify a public interest that Plaintiff seeks to serve with disclosure of the requested records. *See* Ex. A. In a Joint Status Report, Plaintiff stated, "There is an unquestionably strong public interest in access to records that will help the public understand the relationship between Musk and the SEC—an agency he may soon affect in his new role [with the Department of Government Efficiency]." ECF No. 10 at 4.

18. After balancing the privacy interests at stake with the purported public interest in disclosure, the video recordings were withheld under Exemptions 6 and 7(C) on the basis that disclosure would result in an unwarranted invasion of privacy.

19. If the recordings are released, it is easy to foresee that they could be altered and used in ways that interfere with privacy interests—such as using the recordings to create unflattering and offensive memes or altering the files and passing them off as authentic recordings—and then be widely distributed. That potential for manipulation is exacerbated by the fact that there is now widely available technology that can be used to create entirely different video "deepfakes" based on a recording.

20. I understand that the FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such a record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). Because it is not possible to provide portions of the video recordings that do not contain Musk's and Teller's voices and/or images, the video recordings do not contain segregable information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my information and belief.

Executed on the 9th day of May, 2025 in Ashburn, VA

*Mark Tallarico*
MARK TALLARICO
Attorney, Office of the General Counsel
U.S. Securities and Exchange Commission

# EXHIBIT A

24-01571-FOIA

| | |
|---|---|
| From: | U.S. Securities and Exchange Commission |
| To: | foiapa |
| Subject: | Webform submission from Request for Copies of Documents-Gabriela Alcalde |
| Date: | Wednesday, February 21, 2024 10:50:07 AM |
| Attachments: | sec-foia---investigation-files---20240221.pdf |

Office of FOIA Services
Received 2/21/2024

Submitted on Wed, 02/21/2024 - 10:43

## Contact Information

 FEE WAIVER

**Name**
Gabriela Alcalde

**Telephone**

**Email**
gabriela.alcalde@jigsawprods.com

**Company Name, if Applicable**
Jigsaw Productions

**Address**
26 Broadway
Suite 1301
New York, NY 10004
United States

## Request Details

**Subject/Company Name**
Jigsaw Production

**Date or range of document**
January 1, 2017 to date of this request

**Film/Document Control #**
{Empty}

**File Number**
SF-04082-A

**CIK #**
0001318605

**Type of document**
Investigations

**Other pertinent information**
Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, on behalf of Jigsaw Productions and myself, jointly, I request access to and copies of the investigation with the File Number SF-04082-A, as it pertains to Tesla, Inc (CIK Code: 0001318605) since January 1, 2017 to the date of this request. This includes, but is not limited to, the below:

- Any initial assessment records and "Matters Under Inquiry"
- Any electronic correspondence to and from the respondent
- Orders of Formal Investigation as well as any supplemental orders
-- Records sought in this request encompass the underlying documentation involved in the formal investigation, including but not limited to any and all subpoenas and/or informal requests to all involved persons, any accounting or bank records, internal emails, chat room communications obtained for the investigation.
- Transcript of Samuel Teller's deposition taken and recorded on August 28, 2018
-- Video and/or audio of Samuel Teller's deposition taken and recorded on August 28, 2018
- Transcript of Elon Musk's deposition taken and recorded on August 29, 2018
-- Video and/or audio of Elon's Musk deposition taken and recorded on August 29, 2018
- Opening and Closing Reports, including "Case Closing Recommendation," "Matter Under Inquiry," "Investigation Summary," and/or similar documents an/or reports

## Fee Authorization

**Fee Authorization**
Fee Waiver

## Fee Waiver Criteria

**Fee Waiver is Requested**
Yes

**If you meet the criteria, please explain below.**
Fee Categorization

For fee categorization purposes, I am a representative of the news media. Through this request, I am gathering information for my journalistic work with Jigsaw Productions. Accordingly, I am only required to pay for the direct cost of duplication after the first 100 pages. 5 U.S.C. § 552(a)(4)(A)(ii)(II); id. § 552(a)(4)(A)(iv)(II).

Request for Fee Waiver

Please waive any applicable fees. Release of the information is not primarily in my commercial interest and will contribute significantly to public understanding of government operations and activities. 5 U.S.C. § 552(a)(4)(A)(iii).

Jigsaw Productions is a leading producer of investigative documentaries about contemporary issues, with a news angle, and we have an established track record of disseminating information in the public interest. Jigsaw's films have enhanced the public's knowledge of topics such as the Church of Scientology (Going Clear: Scientology and the Prison of Belief, 2015), the resignation of Eliot Spitzer (Client 9: The Rise and Fall of Eliot Spitzer, 2010), the collapse of Enron (Enron: The Smartest Guys in the Room, 2005), and the War on Terror (Taxi to the Dark Side, 2007), among many others. A full list is available at jigsawprods.com.

## Requesting Expedited Treatment

**Expedited Service is Requested**
No

**If you meet the criteria, please explain below.**
{Empty}

{Empty}

# EXHIBIT B

```
 1              PROOFREADER'S CERTIFICATE
 2
 3    In the Matter of:   TESLA MOTORS, INC.
 4    Witness:            Elon Musk
 5    File Number:        SF-04082-A
 6    Date:               Wednesday, August 29, 2018
 7    Location:           San Francisco, California
 8
 9        This is to certify that I, [(b)(6);(b)(7)(C)]
10    (the undersigned) do hereby swear and affirm that the
11    attached proceedings before the U.S. Securities and
12    Exchange Commission were held according to the record,
13    and that this is the original, complete, true and
14    accurate transcript, which has been compared with the
15    reporting or recording accomplished at the hearing.
16
17
18    [(b)(6);(b)(7)(C)]                    8-30-18
19      (Proofreader's Name)                (Date)
20
21
22
23
24
25
```

# EXHIBIT C

```
 1                    PROOFREADER'S CERTIFICATE
 2
 3  In The Matter of:    TESLA MOTORS, INC.
 4  Witness:             Samuel Teller
 5  File Number:         SF-04082-A
 6  Date:                Tuesday, August 28, 2018
 7  Location:            San Francisco, CA
 8
 9          This is to certify that I, (b)(6),(b)(7)(C)
10  (the undersigned), do hereby swear and affirm that the
11  attached proceedings before the U.S. Securities and
12  Exchange Commission were held according to the record and
13  that this is the original, complete, true and accurate
14  transcript that has been compared to the reporting or
15  recording accomplished at the hearing.
16  (b)(6),(b)(7)(C)
17                                      8/29/2018
18  (Proofreader's Name)                (Date)
19
20
21
22
23
24
25
```