UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIGSAW PRODUCTIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION<br><br>Defendant. | Civil Action No. 24-cv-2358 (TSC) |

**PLAINTIFF'S COMBINED STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE AND
<u>RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS</u>**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7(h), Plaintiff submits this combined statement of material facts as to which there is no genuine issue and response to the statement of material facts submitted by Defendant, ECF No. 18-2 ("Defendant's SMF").[1]

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF MATERIAL FACTS**

1.  Undisputed.

2.  Undisputed. Plaintiff notes that its narrowing to the referenced three categories of records took place on October 3, 2024.

---

[1] The numbered paragraphs in Plaintiff's response correspond to those in the Defendant's SMF.

1

3. Disputed in part. Undisputed that on or about October 17, 2024 the SEC produced approximately 1,528 pages of responsive records. Disputed that "exempt" portions were withheld, which is an argument and/or legal conclusion that should be disregarded.[2] Undisputed that the SEC then processed transcripts, exhibits, and video recordings responsive to Plaintiff's FOIA request at issue in this case.

4. Undisputed.

5. Undisputed.

6. Undisputed that on December 5, 2024, the SEC provided Plaintiff a partial determination and stated that it had decided to withhold the video recordings of Musk and Teller. To the extent Defendant's SMF ¶ 6 contends that Defendant's withholdings under one Exemptions 6 and 7(C) are proper or lawful, it should be disregarded as argument and/or a legal conclusion. *See supra* fn. 2.

7. Undisputed. To the extent Defendants' Defendant's SMF ¶ 7 implies that that Defendant's withholdings are proper or lawful, it should be disregarded as argument and/or a legal conclusion.

8. Undisputed.

---

[2] *See* Local Rule 7(h)(1) (stating that a motion for summary judgment "shall be accompanied by a statement of material <u>facts</u> as to which the moving party contends there is no genuine issue" (emphasis added)); *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996) (rejecting assertion that "relevant facts" section of opposition memorandum satisfied then-applicable Rule 108(h) governing statements of undisputed material facts for, among other things, "repeatedly blending factual assertions with legal argument"); *Robertson v. Am. Airlines, Inc.*, 239 F. Supp. 2d 5, 9 (D.D.C. 2002) (rejecting statement of material facts as complying with this Court's local rules because it incorporated a memo that "liberally mixe[d] facts with argument").

9. Disputed in part. Defendant's SMF ¶ 9 sets forth arguments and legal conclusions, not facts, which should be disregarded. *See* supra fn. 2. Nonetheless, as set forth in Plaintiff's concurrently filed opposition and cross-motion for partial summary judgment, Plaintiff is limiting the scope of its challenge to the SEC's withholding of the video recordings that correspond to the released portion of Musk's testimony transcript. Further, Plaintiff is not challenging the withholding of the visual depiction or voice of any other third party (such as videographers, attorneys, SEC staff, or Samuel Teller).

10. Undisputed.

11. Disputed in part; immaterial in part. Undisputed that counsel for Musk and Teller objected to release of the video recordings. The remainder of Defendant's SMF ¶ 11 consists of argument and/or legal conclusions which should be disregarded. *See supra* note 2. Immaterial in part as Plaintiff does not challenge the SEC's withholding of video footage of Teller.

12. Disputed. Defendant's SMF ¶ 12 consists entirely of argument and/or legal conclusions which should be disregarded. *See supra* note 2.

13. Disputed. Defendant's SMF ¶ 13 consists entirely of argument and/or legal conclusions which should be disregarded. *See supra* note 2.

14. Disputed. Defendant's SMF ¶ 14 consists entirely of argument and/or legal conclusions which should be disregarded. *See supra* note 2.

15. Disputed. Defendant's SMF ¶ 15 consists entirely of argument and/or legal conclusions which should be disregarded. *See supra* note 2.

16. Disputed. Defendant's SMF ¶ 16 consists entirely of argument and/or legal conclusions which should be disregarded. *See supra* note 2.

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

1. Elon Reeve Musk ("Musk") was a senior advisor to President Trump through early June 2025. Singh Decl. Ex. C.

2. Musk was a special government employee from on or about January 2025, through June 2025. Singh Decl. Ex. C.

3. Musk is the wealthiest person in the world. Singh Decl. Ex. B.

4. Musk is an internationally recognized businessman. *Id*.

5. Musk co-founded PayPal. *Id*.

6. Musk founded SpaceX. *Id*.

7. Musk is the CEO of Tesla, Inc. ("Tesla"). *Id*.

8. In 2022, Musk acquired the company formerly known as Twitter (now X). *Id*.

9. In 2021, Musk was named TIME Magazine's Person of the year. Singh Decl. ¶ 44.

10. In or about February 2025, Musk was appointed head of the Department of Government Efficiency, an initiative of the second Trump administration. Singh Decl. Ex. D.

11. Musk attended and presented at President Trump's televised cabinet meetings on February 26 and April 30, 2025. Singh Decl. ¶¶ 113, 115.[3]

12. Musk appears on the White House's and the President's official Instagram accounts. Singh Decl. ¶¶ 100, 102–03.

13. Musk has given over one hundred video interviews with the press and/or podcasters. *See generally* Singh Decl.

14. Musk has given over ten audio interviews with the press and/or podcasters. Singh Decl. ¶¶ 17, 31, 43, 59, 63, 77, 87–88, 91, 94.

15. On September 27, 2018, the Securities and Exchange Commission ("SEC" or "Defendant") filed a complaint against Musk in his capacity as the CEO of Tesla, alleging he made false and misleading statements regarding taking Tesla, a publicly traded company, private (the "SEC Suit"). Tallarico Decl. ¶¶ 8–9.

16. The SEC Suit concluded with a publicly available settlement agreement. *Id*.

17. As part of the settlement of the SEC Suit, Musk paid $20,000,000.00 in civil penalties to the SEC. Singh Decl. Ex. A.

18. Musk has publicly discussed the SEC Suit with the press. Singh Decl. ¶ 16.

---

[3] Plaintiff requests that the Court take judicial notice of the content of each and every video and social media posting cited herein, as well as those cited in the concurrently filed Memorandum of Law. Judicial notice of such material is proper pursuant to Federal Rule of Evidence 201. *Cf. Cannon v. District of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013) (taking judicial notice of website).

19. On February 21, 2024, Plaintiff submitted a FOIA request to the SEC (the "Request"). Tallarico Decl. ¶ 5.

20. The Request sought records generated as part of the SEC's above-mentioned investigation into Tesla, as identified by File Number SF-04082-A. *Id.*

21. On March 18, 2025, Defendant produced to Plaintiff a 281-page transcript (with redactions) of the August 29, 2018 testimony Musk provided to SEC officials as part of its Tesla investigation. Singh Decl. ¶ 120.

22. On March 19, 2025, the undersigned asked Defendant's counsel whether the SEC would still withhold the corresponding video in its entirety; that same day, Defendant's counsel confirmed that was the agency's position. Singh Decl. ¶ 121.

23. Musk has publicly shared memes and AI-generated videos of himself on the social media platform X. Singh Decl. ¶¶ 97, 101, 106.

24. As of June 3, 2025, Musk's video interview by TIME as person of the year in 2021 received 874,736 views on YouTube. Singh Decl. ¶ 44.

25. As of June 3, 2025, Musk's interview by Tucker Carlson in 2023 received 3.2 million views on YouTube. Singh Decl. ¶ 65.

26. Musk appeared on Joe Rogan's video podcast on September 7, 2018; May 7, 2020; June 27, 2024; November 4, 2024; and February 28, 2025. Singh Decl. ¶¶ 15, 26, 95, 99, 105.

27. As of June 3, 2025, Musk's appearances on Joe Rogan's video podcast have acquired a cumulative 137 million views on YouTube. *Id.*

28. As of June 3, 2025, Musk's appearances dated April 12, 2019; November 12. 2019; December 28, 2021; November 9, 2023; and August 2, 2024 on the Lex Fridman podcast, totaling over 7 hours and 14 minutes, reached 32.8 million cumulative viewers on YouTube. Singh Decl. ¶¶ 18, 22, 46, 80, 96.

29. Musk hosted SNL on May 8, 2021, accruing 10 million views on YouTube as of June 3, 2025. Singh Decl. ¶ 34.

30. Musk gave an over three hour interview (broken up over 3 videos, each posted between June 3 and June 22, 2022) to "Tesla Owners Silicon Valley" accruing 1.23 million views on YouTube as of June 3, 2025. Singh Decl. ¶¶ 56–58.

31. Musk appeared on Real Time with Bill Maher in April 2023, accruing 9.4 million views on YouTube as of June 3, 2025. Singh Decl. ¶ 66.

32. Musk was interviewed alongside Israeli Prime Minister Benjamin Netanyahu, accruing 208,627 views on YouTube as of June 3, 2025. Singh Decl. ¶ 76.

33. In May 2025, the U.S. Department of Justice released audio footage of former President Joe Biden's interview with special counsel Brian Hur. Singh Decl. ¶ 118.

34. Musk was interviewed alongside Turkish President Tayyip Erdogan, accruing 1.8 million views on YouTube as of June 6, 2025. Singh Decl. ¶ 127.

35. Musk stated in his August 29, 2018 SEC testimony that he was born in Pretoria, South Africa. Singh Decl. Ex. E, at Tr. 25:19–20.

36. Musk stated in his August 29, 2018 SEC testimony that he "came out to California to do a Ph.d in Applied Physics and Empirical Sciences at Stanford, but

ended up putting that on hold to start an internet company." Singh Decl. Ex. E, at Tr. 26:2–5.

37.     Musk stated in his August 29, 2018 SEC testimony he is Tesla's "overall Head of Engineering or Design." Singh Decl. Ex. E, at Tr. 33:16.

Dated: June 13, 2025

/s/ Adam A. Marshall
Adam A. Marshall
DC Bar No. 1029423
Gunita Singh
DC Bar No. 1601923
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
Email: amarshall@rcfp.org
Email: gsingh@rcfp.org

*Counsel for Plaintiff*